# EXHIBIT A

***RODDEN RODDEN & BRESLIN***
ANDREW J. VAN WAGNER, ESQ.
ATTORNEY I.D. 309486
125 NORTH 20TH STREET
PHILADELPHIA, PA 19103
(215) 940-2155
AVANWAGNER@RODDENLAW.COM

***MAJOR JURY***

Filed and Attested by the Office of Judicial Records 30 JUN 2026 12:41 pm L. BREWINGTON

**ATTORNEYS FOR PLAINTIFF**

| | | |
|---|---|---|
| **VERONICA KING**<br>516 HAMILTON STREET<br>NORRISTOWN, PA 19401<br>*PLAINTIFF* | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| -VS- | : | No.: |
| **WALMART STORES EAST, LP d/b/a WALMART SUPERSTORE #3475**<br>1675 S. CHRISTOPHER COLUMBUS BOULEVARD<br>PHILADELPHIA, PA 19148 | : | |
| AND | : | |
| **WALMART, INC.**<br>1675 S. CHRISTOPHER COLUMBUS BOULEVARD<br>PHILADELPHIA, PA 19148 | : | |
| AND | : | |
| **ABC CORPORATION (FICTITIOUS NAME)**<br>UNKNOWN<br>UNKNOWN<br>*DEFENDANTS* | : | |

**CIVIL ACTION COMPLAINT**
**2S - PREMISES LIABILITY – TRIP & FALL**

# NOTICE TO DEFEND

**``NOTICE**

``You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

``YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**LAWYER REFERRAL SERVICE**
1 Reading Center
Philadelphia, PA 19107
215-238-6333"

**``AVISO**

``Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

``USTED DEBE LLEVAR ESTE PAPEL SU ABOGADO INMEDIATAMENTE. SI USTED NO HACE QUE IN ABOGADO VAYA A O LLAME POR TELEFONO LA OFICINA DISPUESTA ABAJO. ESTA OFICINA PUEDE PROVEER DE USTED LA INFORMACION SOBRE EMPLEAR A UN ABOGADO. SI USTED NO PUEDE PERMITIRSE AL HIRE A UN ABOGADO. ESTA OFICINA PUEDE PODER PROVEER DE USTED LA INFMACION SOBRE LAS AGENCIAS QUE LOS SERVICIOS JURIDICOS DE LA OFERTA DE MAYO A LAS PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO O NINGUN HONORARIO.

**SERVICIO DE REFERRIDO LEGAL**
1 Reading Center
Filadelfia, PA 19107
Telefono: 215-238-6333"

**COMPLAINT**

1. Plaintiff, Veronica King, is an adult individual currently residing at the address noted in the caption.

2. Defendant, Walmart Stores East, LP d/b/a Walmart Superstore #3475 is upon information and belief, a corporation, limited liability company, partnership, fictitious name and/or other such business entity licensed to conduct business within the Commonwealth of Pennsylvania, and the City of Philadelphia.

3. Defendant, Walmart, Inc. is upon information and belief, a corporation, limited liability company, partnership, fictitious name and/or other such business entity licensed to conduct business within the Commonwealth of Pennsylvania, and the City of Philadelphia.

4. Defendant, ABC Corporation, are individuals, corporations, partnerships, limited liability companies, fictitious names, real estate investment trusts, property management companies, cleaning companies, and/or other such entity licensed to conduct business within the Commonwealth of Pennsylvania, that regularly do business in the City of Philadelphia, that were involved in the happening of a slip and fall incident described more fully below.

5. Plaintiff is unable to identify the correct names of Defendant, ABC Corporation, as of the date of the filing of this Civil Action Complaint, despite exercising due diligence to identify said party.

6. Upon information and belief, Defendants, Walmart Stores East, LP d/b/a Walmart Superstore #3475 and Walmart, Inc. know the identity of Defendant, ABC Corporation and will provide this information in discovery so that Plaintiffs can amend the Complaint accordingly.

7. At all times relevant hereto, Defendants, Walmart Stores East, LP d/b/a Walmart Superstore #3475, Walmart, Inc. and ABC Corporation (hereinafter collectively referred to as

"Defendants"), owned, operated, leased, maintained, managed, supervised, possessed, and/or otherwise controlled the property located at 650 South Trooper Road, Norristown, PA 19403 (hereinafter referred to as the "Premises").

8. At all times relevant hereto, Defendants were enshrined with the duty to keep the floors and walkways of the Premises free and clear of any defects and dangerous and hazardous conditions.

9. At all times relevant hereto, there was a defect and/or dangerous and hazardous condition in the nature of liquid, blood, and/or some other slippery substance upon the floors and walkways in the bathroom of the Premises.

10. On or about March 20, 2025, Plaintiff, Veronica King, was a business invitee, licensee, and/or was otherwise lawfully proceeding upon the Premises when she was caused to suddenly and unexpectedly slip and fall as a result of coming into contact with the above-described dangerous and hazardous condition thereby causing severe, serious, and permanent bodily injuries more fully set forth at length below.

11. At all times relevant hereto, Defendants acted and/or failed to act by and through their respective agents, servants, workmen, employees, and/or other representatives.

12. At or about the same date, time, and place in question, and for some period of time prior thereto, Defendants, negligently, recklessly, and/or carelessly allowed and permitted the aforesaid dangerous and hazardous condition to exist upon the floors and walkways of the Premises.

13. The aforesaid act was caused as a direct and proximate result of the negligence, recklessness, and/or carelessness of Defendants, and was not caused by any action and/or omissions of Plaintiff.

14. As a direct and proximate result of the aforesaid negligence, recklessness, and/or carelessness of Defendants, Plaintiff has suffered severe and permanent injuries to her body which include, but are not limited to, a fracture of her right sacral ala, lumbar herniations with corresponding radiculopathy, and SI joint dysfunction, all of which have required, or will require surgical intervention to repair.

15. As a direct and proximate result of the aforesaid negligence, recklessness, and/or carelessness of Defendants, Plaintiff has suffered internal injuries of an unknown nature, has suffered severe aches, pains, mental anxiety and anguish and a severe shock to his entire nervous system and other injuries the full extent of which is not yet known.

16. As a direct and proximate result of the aforesaid negligence, recklessness, and/or carelessness of Defendants, Plaintiff sustained an aggravation and/or exacerbation of injuries both known and unknown.

17. As a direct and proximate result of the aforesaid negligence, recklessness, and/or carelessness of Defendants, Plaintiff has in the past and will in the future undergo severe pain and is unable to attend to her usual duties and occupation, all to her great financial detriment and loss.

18. As a direct and proximate result of the negligence, recklessness, and/or carelessness of Defendants, Plaintiff has been compelled to effectuate a cure for the aforesaid injuries, to expend large sums of money for medicine and medical attention and may be required to expend additional sums for the same purpose in the future.

19. As a direct and proximate result of the negligence, recklessness, and/or carelessness of Defendants, Plaintiff has been prevented from attending to her usual daily

activities and duties and may be so prevented for an indefinite period of time in the future, all to their great detriment and loss.

20. As a direct and proximate result of the negligence, recklessness, and/or carelessness of Defendants, Plaintiff has suffered physical pain and mental anguish and humiliation and may continue to suffer same for an indefinite period of time in the future.

21. As a direct and proximate result of negligence, recklessness, and carelessness of Defendants, Plaintiff has suffered loss of wages and earning capacity.

## COUNT I
## PLAINTIFF, VERONICA KING V. DEFENDANT, WALMART STORES EAST, LP D/B/A WALMART SUPERSTORE #3475

22. Plaintiff incorporates by reference the allegations contained in the above paragraphs as though the same were set forth at length herein.

23. The aforesaid act was caused as a direct and proximate result of the negligence, recklessness, and/or carelessness of Defendant by and through its agents, servants, workmen, and/or employees both generally and in the following respects:

(a) causing and/or permitting a dangerous, slippery and/or hazardous condition to exist, which Defendant knew or should have known caused an unreasonable risk of harm to Plaintiff;

(b) failing to protect the safety of Plaintiff as it relates to the above acts of negligence;

(c) causing and/or permitting a dangerous and hazardous condition to exist without any warning signs, which defendant knew or should have known caused an unreasonable risk of harm to business invitees;

(d) failing to properly and adequately maintain the area of the Premises where Plaintiff fell;

(e) failing to train employees to make reasonable inspections of the floor;

(f) breaching Defendant's internal policies and procedures related to inspecting and/or monitoring the area where Plaintiff fell;

(g) failing to identify and correct a slippery and dangerous condition of which they were aware or should and could have been aware;

(h) attempting to correct and/or remedy the aforesaid slippery and dangerous condition in a negligent and careless manner;

(i) failing to properly supervise Defendant's agents, servants, workmen, employees and/or other representatives;

(j) failing to adequately screen and/or interview Defendant's agents, servants, workmen, employees and/or other representatives;

(k) failing to provide a safe environment for business invitees, customers, patrons and members of the general public, including Plaintiff, while a customer on the Premises;

(l) failing to provide sufficient numbers of employees and/or other means of assistance for business invitees, customers, patrons and members of the general public, including Plaintiff;

(m) exposing business invitees, customers, patrons and members of the general public, including Plaintiff, to hazards, dangers and/or injury as the result of the acts and/or omissions of Defendants' agents, servants, workmen, employees and/or other representatives;

(n) Negligence *per se*; and

(o) failing to properly perform its statutory, common law and ordinance duties as it relates to the above acts of negligence.

WHEREFORE, Plaintiff, Veronica King, demands judgement in her favor and against all Defendants, individually, jointly, severally, and/or in the alternative, in an amount greater than Fifty Thousand Dollars ($50,000.00) plus pre and post judgment interest, and all other relief allowed by law.

**COUNT II**
**PLAINTIFF, VERONICA KING V. DEFENDANT, WALMART, INC.**

24. Plaintiff incorporates by reference the allegations contained in the above paragraphs as though the same were set forth at length herein.

25. The aforesaid act was caused as a direct and proximate result of the negligence, recklessness, and/or carelessness of Defendant by and through its agents, servants, workmen, and/or employees both generally and in the following respects:

(a) causing and/or permitting a dangerous, slippery and/or hazardous condition to exist, which Defendant knew or should have known caused an unreasonable risk of harm to Plaintiff;

(b) failing to protect the safety of Plaintiff as it relates to the above acts of negligence;

(c) causing and/or permitting a dangerous and hazardous condition to exist without any warning signs, which defendant knew or should have known caused an unreasonable risk of harm to business invitees;

(d) failing to properly and adequately maintain the area of the Premises where Plaintiff fell;

(e) failing to train employees to make reasonable inspections of the floor;

(f) breaching Defendant's internal policies and procedures related to inspecting and/or monitoring the area where Plaintiff fell;

(g) failing to identify and correct a slippery and dangerous condition of which they were aware or should and could have been aware;

(h) attempting to correct and/or remedy the aforesaid slippery and dangerous condition in a negligent and careless manner;

(i) failing to properly supervise Defendant's agents, servants, workmen, employees and/or other representatives;

(j) failing to adequately screen and/or interview Defendant's agents, servants, workmen, employees and/or other representatives;

(k) failing to provide a safe environment for business invitees, customers, patrons and members of the general public, including Plaintiff, while a customer on the Premises;

(l) failing to provide sufficient numbers of employees and/or other means of assistance for business invitees, customers, patrons and members of the general public, including Plaintiff;

(m) exposing business invitees, customers, patrons and members of the general public, including Plaintiff, to hazards, dangers and/or injury as the result of the acts and/or omissions of Defendants' agents, servants, workmen, employees and/or other representatives;

(n) Negligence *per se*; and

(o) failing to properly perform its statutory, common law and ordinance duties as it relates to the above acts of negligence.

WHEREFORE, Plaintiff, Veronica King, demands judgement in her favor and against all Defendants, individually, jointly, severally, and/or in the alternative, in an amount greater than Fifty Thousand Dollars ($50,000.00) plus pre and post judgment interest, and all other relief allowed by law.

## COUNT III
## PLAINTIFF, VERONICA KING V. DEFENDANT, ABC CORPORATION

26. Plaintiff incorporates by reference the allegations contained in the above paragraphs as though the same were set forth at length herein.

27. The aforesaid act was caused as a direct and proximate result of the negligence, recklessness, and/or carelessness of Defendant by and through its agents, servants, workmen, and/or employees both generally and in the following respects:

(a) causing and/or permitting a dangerous, slippery and/or hazardous condition to exist, which Defendant knew or should have known caused an unreasonable risk of harm to Plaintiff;

(b) failing to protect the safety of Plaintiff as it relates to the above acts of negligence;

(c) causing and/or permitting a dangerous and hazardous condition to exist without any warning signs, which defendant knew or should have known caused an unreasonable risk of harm to business invitees;

(d) failing to properly and adequately maintain the area of the Premises where Plaintiff fell;

(e) failing to train employees to make reasonable inspections of the floor;

(f) breaching Defendant's internal policies and procedures related to inspecting and/or monitoring the area where Plaintiff fell;

(g) failing to identify and correct a slippery and dangerous condition of which they were aware or should and could have been aware;

(h) attempting to correct and/or remedy the aforesaid slippery and dangerous condition in a negligent and careless manner;

(i) failing to properly supervise Defendant's agents, servants, workmen, employees and/or other representatives;

(j) failing to adequately screen and/or interview Defendant's agents, servants, workmen, employees and/or other representatives;

(k) failing to provide a safe environment for business invitees, customers, patrons and members of the general public, including Plaintiff, while a customer on the Premises;

(l) failing to provide sufficient numbers of employees and/or other means of assistance for business invitees, customers, patrons and members of the general public, including Plaintiff;

(m) exposing business invitees, customers, patrons and members of the general public, including Plaintiff, to hazards, dangers and/or injury as the result of the acts and/or omissions of Defendants' agents, servants, workmen, employees and/or other representatives;

(n) Negligence *per se*; and

(o) failing to properly perform its statutory, common law and ordinance duties as it relates to the above acts of negligence.

WHEREFORE, Plaintiff, Veronica King, demands judgement in her favor and against all Defendants, individually, jointly, severally, and/or in the alternative, in an amount greater than Fifty Thousand Dollars ($50,000.00) plus pre and post judgment interest, and all other relief allowed by law.

***RODDEN RODDEN & BRESLIN***

DATE: JUNE 30, 2026 BY: ______________________________

ANDREW J. VAN WAGNER, ESQUIRE
*ATTORNEYS FOR PLAINTIFF*

**V E R I F I C A T I O N**

I, ANDREW VAN WAGNER, ESQUIRE, hereby certify that I am the attorney for the Plaintiffs in the within civil action lawsuit, and that the statements contained in the attached Civil Action Complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsifications to authorities.

ANDREW VAN WAGNER, ESQ.

Date: June 30, 2026

# VERIFICATION

I, Veronica King, hereby state that I am the plaintiff in the foregoing action, and that the attached Complaint is based on information which I have furnished to my counsel in the preparation of the lawsuit. The language of the Complaint is that of counsel and not mine. I have read the Complaint and to the extent that the information therein is based upon information I have given to counsel, it is true and correct to the best of my knowledge, information and belief. To the extent that the contents of the Complaint are that of counsel, I have relied upon counsel in making this Verification. I understand that false statements made herein are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.



Veronica King